IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



| | |
|---|---|
| GOSS INTERNATIONAL AMERICAS, INC., <br><br> Plaintiff, <br><br> v. <br><br> GRAPHIC MANAGEMENT ASSOCIATES, INC., MULLER MARTINI CORP., MÜLLER MARTINI DRUCKVERABEITUNGS-SYSTEME AG, and MÜLLER MARTINI HOLIDING, AG, <br><br> Defendants. | No. 05 C 5622 <br><br> Maria Valdez, <br> Magistrate Judge |

## MEMORANDUM OPINION AND ORDER

On September 29, 2005, Plaintiff, Goss International Americas, Inc. ("Goss") filed a patent infringement lawsuit against a number of defendants. After once amending its original complaint, Goss now moves to amend its complaint a second time pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. Goss seeks leave to amend in order to add two corporations, Müller Martini Marketing AG ("MM Marketing") and Grapha-Holding AG ("Grapha"), as defendants to the present action. For the reasons set forth below, the Court grants Goss' motion to file a second amended complaint.

## Standard of Review

A motion to amend is governed by Rule 15(a) of the Federal Rules of Civil Procedure, which states that leave to amend "shall be freely given when justice so requires." FED. R. CIV. P. 15(a). Notwithstanding this standard, it is within the sound discretion of this Court to decide whether to grant a motion to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962). In deciding whether to grant a party's motion to amend its complaint to add a defendant pursuant to Rule 15(a), courts must balance several factors, including undue delay, bad faith or dilatory motive on the movant's part, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and the amendment's futility. *Id.*

## Analysis

In opposing Goss' motion, Defendants contend that Goss's proposed amendment must be denied because it could not withstand a motion to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure. *See* Defs.' Opp'n Mem. at 1 [doc. # 54]. Thus, Defendants argue that Goss' Motion For Leave to File *Instanter* Second Amended Complaint should be denied because the proposed amendment would be "futile." (*Id.* at 1.)

While Defendants correctly recognize that a proposed amendment is futile if it could not withstand a motion to dismiss, see *Krippelz v. Ford Motor Co.*, No. 98 C 2361, 2003 WL 466109, at *15 (N.D. Ill. Feb. 24, 2003), as one commentator has noted, an amendment is futile if it "merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss." 3-15 MOORE'S FEDERAL PRACTICE - CIVIL § 15.15 (2005). But, as Goss recognizes, courts may deny an amendment only "where there is undue delay, bad faith, dilatory motive on the part of the movant,

repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Feldman v. Am. Memorial Life Ins. Co.*, 196 F.3d 783, 793 (7th Cir. 1999) (quoting *Perrian v. O'Grady*, 958 F.2d 192, 194 (7th Cir.1992)). And, where it is unclear whether a plaintiff could allege sufficient facts, a court should grant leave to amend. *Bisciglia v. Kenosha Unified Sch. Dist. No. 1*, 45 F.3d 223, 229-30 (7th Cir. 1995). As the U.S. Supreme Court has stated: "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182.

In this case, Goss alleges, as a result of discovery, it has learned that MM Marketing "is directly involved in the sale and importation of both of the infringing products in this case." (Pl.'s Mot. to Amend at 1.) Similarly, Goss alleges that it has "learned of the involvement of [Grapha]…in the defendants' infringement." (*Id.* at 1-2.) More specifically, Goss contends that both of these proposed defendants "have infringed, directly and/or through acts of contributory infringement or inducement, and continue to infringe, one or more claims of the '724 Patent, in violation of 35 U.S.C. § 271, by making, using, selling, offering for sale, and/or importing into the United States products, including GMA's SLS 3000 inserter and the Supra saddle stitcher, covered by one or more claims of the '724 Patent." (Pl.'s Reply Mot. to Amend at 5) [doc. # 59] (internal alterations omitted). For example, Goss states that "MM Marketing, which shares officers and directors with Grapha, …has…been intimately involved in the development and sale of infringing products and that it profits from the substantial ongoing U.S. Assembly, installation, testing, and setting into production infringing machines with full knowledge." (*Id.* at 8.) Similarly, Goss provides that it "believes discovery will reveal that in 2001 Grapha . . . had made an infringing SLS3000 inserting

machine in the U.S. and that Grapha was directly involved in making that machine." *Id.*

With respect to Grapha, Defendants argue that because it is a holding company, Plaintiff cannot add it as a defendant in this action. They assert that "[t]he law has long recognized that such holding companies, because they do not make, use, sell or offer to sell any products, are not subject to personal jurisdiction in patent infringement cases" and cite *Androphy v. Smith & Nephew, Inc.*, 31 F. Supp. 2d 620, 622 (N.D. Ill. 1998) for support. (Defs.' Opp'n Mem. at 5.) However, the Court rejects Defendants' argument concerning the effect of Grapha's status as a holding company as *Androphy* does not stand for the blanket proposition for which Defendants cite. *Androphy* dealt with the issue of whether the particular holding company had sufficient "minimum contacts" with the forum state that would justify exercise of personal jurisdiction - an issue that simply has not been addressed in the briefing of this matter. *Androphy*, 31 F. Supp. 2d at 622. Indeed, in *Lawman Armor Corp. v. Winner Int'l, LLC*, No. CIV.-A. 02-4595, 2003 WL 22902808, at *1 (E.D. Pa. Dec. 10, 2003), a district court in Pennsylvania court noted that "a holding company can be liable for the patent infringement of its held company. *Id.* at *4 (citing *Manchak v. Rollins Envtl. Servs., Inc.*, No. 96-37(SLR), 1996 WL 790100, at *3 (D. Del. Dec. 18, 1996)).

With respect to MM Marketing, Defendants claim that it merely sells its machines to an existing Defendant, that those sales conclude in Switzerland, and that the existing Defendant is responsible for importing the equipment into the United States. (Defs.' Opp'n Mem. at 8-9.) However, as pointed out by Goss, this is a factual assertion which goes beyond the face of the complaint. While this issue may be more appropriate for summary judgment it is inappropriate in deciding whether to permit a litigant leave to amend a complaint.

Next, of the factors this Court must consider pursuant to *Foman*, undue prejudice to the non-

movant is the most important. *Sitrick v. Freehand Sys., Inc.*, No. 02 C 1568, 2004 WL 725306, at *2 (N.D. Ill. Mar. 30, 2004).[1] Goss argues that, if granted leave to add Grapha and MM Marketing as defendants, the existing Defendants will not be prejudiced because they already are aware of the underlying facts regarding the amendments and would suffer undue prejudice if this Court denies it leave to amend. (Pl.'s Mot. to Amend at 3.) Other courts have found these arguments persuasive. *See, e.g., Sitrick*, 2004 WL 725306, at *11 (noting that because the relevant facts "were also known to FreeHand, 'the proposed amendment should hardly catch [Freehand] by surprise, and [w]here the facts on which a previously unasserted claim is based are all known or available to all parties, no prejudice exists'") (quoting *Serfecz v. Jewel Food Stores, Inc.*, No. 92 C 4171, 1997 WL 543116, at *4 (N.D. Ill. Sept. 2, 1997) (alterations in original). *See also Bower v. Jones*, 978 F.2d 1004, 1010 (7th Cir. 1992) (finding no undue delay because plaintiff discovered documents on which claim was founded late in discovery, and no prejudice because claim was similar to claims in initial complaint so defendant would incur little extra time or cost defending).

Moreover, Goss' motion to amend is well within the time frame considered by District Judge Manning as she expressly permitted Goss until March 15, 2006 to add any additional parties. *See* Minute Order, No. 05 C 5622 (N.D. Ill. Jan. 3, 2006) [doc. # 38]. As a result, because Goss filed its Motion to Amend on February 27, 2006, over two weeks before the date contemplated by District Judge Manning, there was no undue delay on Goss' part. Finally, the Court notes that there is no evidence (or allegation) of bad faith on Goss' part in making its motion to amend.

---

[1] However, courts must also consider any prejudice to the movant, "even if there is substantial reason to deny leave based on other factors." 3-15 MOORE'S FEDERAL PRACTICE - CIVIL § 15.15[1].

## Conclusion

Accordingly, given Rule 15(a)'s mandate that leave to amend "shall be freely given," for the reasons provided above, the Court grants Goss' Motion for Leave to File *Instanter* Second Amended Complaint [doc. # 49-1]. As such, Goss has leave to file a Second Amended Complaint, adding MM Marketing and Grapha as defendants.

**SO ORDERED**

Date: JUN 06 2006

Hon. Maria Valdez
United States Magistrate Judge