IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GOSS INTERNATIONAL AMERICAS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | No. 05 C 5622 |
| | ) | |
| v. | ) | |
| | ) | |
| GRAPHIC MANAGEMENT | ) | Magistrate Judge Maria Valdez |
| ASSOCIATES, INC.; MULLER MARTINI | ) | |
| CORP.; MULLER MARTINI | ) | |
| DRUCKVERARBEITUNGS-SYSTEME | ) | |
| AG; MULLER MARTINI HOLDING AG; | ) | |
| MULLER MARTINI MARKETING AG; | ) | |
| GRAPHA-HOLDING AG, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Goss International Americas, Inc.'s ("Goss") motions to compel jurisdictional discovery [Doc. Nos. 102, 149]. For the reasons that follow, the motions are granted in part and denied in part.

On July 10, 2006, Defendants Muller Martini Druckverarbeitungs-Systeme AG ("MMDS"), Muller Martini Holding AG ("MM Holding"), Muller Martini Marketing AG ("MM Marketing"), and GRAPHA-Holding AG ) ("GRAPHA")[1] filed motions to dismiss Plaintiff's complaint for lack of jurisdiction. The district court granted Plaintiff leave to conduct jurisdictional discovery before filing its responses to the motions. Plaintiff's first motion seeks to compel defendants MMDS and MM Holding to respond to certain of Plaintiff's jurisdictional discovery requests. A second motion seeks to compel defendants MM Marketing and GRAPHA to respond to virtually identical requests.

---

[1] The four defendants will be referred to collectively as the "Swiss Defendants."

## DISCUSSION

In order to determine the proper scope of discovery, it is first necessary to address the basis upon which personal jurisdiction is alleged. Unfortunately, Plaintiff's motion cites to no rule or case law supporting its claim of jurisdiction.[2] In its reply, Plaintiff first articulated that it sought to confer jurisdiction over the Swiss Defendants based upon Federal Rule of Civil Procedure ("Rule") 4(k)(2), sometimes referred to as the federal long-arm statute, which allows a court to assume jurisdiction over foreign defendants in certain circumstances.[3] *See C. States, S.E. & S.W. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 941 (7th Cir. 2000); *The Flag Co. v. Maynard*, 376 F. Supp. 2d 849, 852 (N.D. Ill. 2005). Rule 4(k)(2) provides:

> If the exercise of jurisdiction is consistent with the Constitution and laws of the United States, serving a summons or filing a waiver of service is also effective, with respect to claims arising under federal law, to establish personal jurisdiction over the person of any defendant who is not subject to the jurisdiction of the courts of general jurisdiction of any state.

Fed. R. Civ. P. 4(k)(2).

Jurisdiction over the Swiss Defendants is properly premised on Rule 4(k)(2) because (1) the claims in this patent case arise under federal law, and (2) in their motions to dismiss and at oral argument, the Swiss Defendants have maintained that they lack sufficient contacts to be subject to the jurisdiction of any state.

Therefore, the scope of relevant discovery is broad, and the Swiss Defendants should produce all documents relevant to their contacts with the United States as a whole, not merely

---

[2] The sole case cited in the motion is in the section seeking production of documents in an electronic format.

[3] The response to the first motion argued that jurisdictional discovery should be limited to their contacts with the forum state, relying on *Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355 (Fed. Cir. 1998), in which the federal circuit rejected a national contacts analysis under a state's long-arm statute. Because the Swiss Defendants did not have an opportunity to address Rule 4(k)(2) in their written response to the motion, the Court allowed their counsel substantial time to discuss the application of Rule 4(k)(2) at oral argument.

their contacts with the forum state: "A defendant who wants to preclude use of Rule 4(k)(2) has only to name some other state in which the suit could proceed. Naming a more appropriate state would amount to a consent to personal jurisdiction there . . . . If, however, the defendant contends that he cannot be sued in the forum state and refuses to identify any other where suit is possible, then the federal court is entitled to use Rule 4(k)(2)." *ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 552 (7th Cir. 2001).

The Swiss Defendants argue that their contacts with the United States are insufficient to confer personal jurisdiction over them. Even assuming their argument has merit, that issue is not relevant to the present motion. The District Court must decide, in the context of the pending motions to dismiss, whether or not the exercise of jurisdiction is constitutional under the Due Process Clause. *See C. States, S.E. & S.W. Areas Pension Fund*, 230 F.3d at 946 n.10. This Court's function is to ensure the District Court has all of the information it needs to make the jurisdictional determination. *See In re Baan Co. Sec. Litig.*, 81 F. Supp. 2d 75, 83 (D.D.C. 2000) (explaining that by premising discovery on a broad interpretation of "minimum contacts," the court "exercised [its] discretion to get [the district court] all the information she may need at the risk of getting information she may not").

The Swiss Defendants have apparently produced a number of documents responsive to Goss's requests. However, to the extent they have not already done so,[4] the Swiss Defendants are ordered to produce all documents relating to their contacts with the United States, including the following categories of documents identified in Plaintiff's motions:

1.      All documents demonstrating the Swiss Defendants' involvement in the development of the accused devices for the U.S. market. *See Jennings v. AC Hydraulic A/S*, 383 F.3d 546, 550 (7th Cir. 2004) (explaining that, although placing an object in the stream of

---

[4] The Swiss Defendants contend that a number of their documents, specifically e-mails, were previously produced by the American defendants. However, all defendants have an independent obligation to search their own files for responsive documents and information. The fact that another entity may have produced some of the documents does not excuse their obligation to independently search for and produce relevant documents.

commerce will not by itself confer jurisdiction, a defendant may be subject to specific jurisdiction if it was aware that some products would be purchased in the forum state). In addition, the Swiss Defendants must produce documents listing employees who have worked for an American affiliate, whether or not that employment was concurrent with their employment with a Swiss Defendant, and the nature of their U.S. employment.

2.      Records evidencing the Swiss Defendants' corporate organization, specifically the structural and financial relationships between the defendants. Included within this category are documents regarding the control exerted by the Swiss Defendants over their American affiliates. The Swiss Defendants' motions to dismiss are based in part on allegations that some of them are merely holding companies with no connection whatsoever to the United States. Goss is certainly entitled to test the Swiss Defendants' allegations of their corporate structure and need not take them at their word.

The Swiss Defendants need not, however, produce their corporate bylaws, board meeting minutes, tax information, or financial statements except to the extent that the documents reference the U.S. market or the Swiss Defendants' relationships with the American defendants. *See C. States, S.E. & S.W. Areas Pension Fund*, 230 F.3d at 943-45 (holding that due process does not allow jurisdiction over a corporate parent to be premised on corporate affiliation or administrative services unless other circumstances are present, such as a high degree of control over the subsidiary); *see also In re Baan Co. Sec. Litig.*, 81 F. Supp. 2d at 82 (holding that jurisdictional discovery requests were "fatally over broad" where the plaintiff sought "a universe of documents, such as the minutes of all meetings of the Board of Directors, all documents distributed at those meetings, and all documents concerning transactions between [two defendants]. Plaintiffs cannot pretend that all of these documents are related to the transactions at issue or the minimum contacts plaintiffs have to establish in order for their case against these defendants to proceed.").

4

3.      Travel records for the employees of the Swiss Defendants to the United States, e-mail between the Swiss Defendants and U.S. recipients, and telephone records reflecting calls made to the U.S.[5]

4.      All documents that relate to the direct or indirect sale of the Swiss Defendants' products in the U.S.; the Swiss Defendants' U.S. customers; and any advertising or marketing materials related to the U.S. market, including documents relating to the two Muller Martini websites.

As a final matter, the parties dispute whether the Swiss Defendants have produced e-mails and attachments in an electronic format, as Goss requested. The Swiss Defendants state that they produced e-mails and attachments in paper form, in the proper order, and further that they do not have copies with Bates numbering and confidentiality markings in an electronic format. It appears to the Court that the Swiss Defendants misunderstand the nature of Goss's request; Goss is not asking the Swiss Defendants to scan copies of the paper documents onto a CD but rather to produce the e-mails and attachments in native format, as they were kept on the Swiss Defendants' computer system. In native format, the individual e-mails would not be Bates numbered or have confidentiality labels. The Swiss Defendants must produce the e-mails and attachments in native format as requested.

---

[5] The Swiss Defendants claim that certain documents, such as telephone records, are not available and therefore cannot be produced. Nothing in this order, of course, should be interpreted as requiring the Swiss Defendants to produce, under penalty of sanction, any documents that do not exist. To the extent that any documents cannot be produced, however, the Swiss Defendants must certify what efforts they made to locate the documents and the reason the documents cannot be produced and/or located.

## CONCLUSION

For the foregoing reasons, Plaintiff Goss International Americas, Inc.'s ("Goss") motions to compel jurisdictional discovery [Doc. Nos. 102, 149] are granted in part and denied in part.

**SO ORDERED.**

DATE: _____JAN 11 2007_____

**ENTERED:**

HON. MARÍA VALDEZ
United States Magistrate Judge